## M. F. SCOTT, v. JOE MARIA ALIAS JOE MARIA PEDRO.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MARCH 22, 1909.                    DECIDED APRIL 5, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

BILLS AND NOTES—*presentment of dishonored draft by subsequent holder.*
  One who indorses a sight draft with notice of its dishonor is liable to a subsequent holder without a second presentment to the drawees.

OPINION OF THE COURT BY WILDER, J.

This was an action instituted in the district court of Honolulu on December 24, 1907, to recover $30 and interest from December 26, 1901. The complaint contained two counts, the first one being upon the defendant's indorsement of the following draft:

Kona Sugar Company.
  Payable in silver coin
    On Tuesdays and Fridays.
$30.00             Kailua, Hawaii, 30th September, 1901.
  At sight pay to the order of Frank Olivera Thirty 00-100 Dollars, value received and charge the same to the account of Kona Sugar Company, Ltd.
  To Messrs. M. W. McChesney & Sons, Agents,
                  Honolulu, H. T.
No. B 1783               JAS. COWAN, Manager.
  (Indorsed)   FRANK OLIVEIRA
              JOE MARIA.

It is alleged that the draft was presented for payment and dishonored prior to its indorsement by defendant, that at the time of its delivery to plaintiff the drawer, Kona Sugar Co., was insolvent, that since then all of its assets had been sold by a receiver and nothing was ever realized for creditors, and that defendant had knowledge of all of said facts. The second count was upon an account stated. After judgment for defendant in the district court plaintiff appealed to the circuit court jury waived, which sustained defendant's demurrer to the first count on the ground that it failed to allege a presentment of the draft by the plaintiff to the drawees, that payment had been again refused and that notice of dishonor had been given to defendant. Plaintiff was given leave to amend but declined. The case was then tried on the second count resulting in a judgment for plaintiff, the court afterwards granting a new trial. At the conclusion of the new trial plaintiff asked leave to amend his complaint by reinserting the first count with an additional aver-

ment that he had made diligent effort to collect the amount from the receiver of Kona Sugar Co., and by adding a third count to the effect that the $30 with interest was a balance due for building material and labor on a house on defendant's land constructed with defendant's knowledge and approval and appropriated by him for his own use, being a balance of a total cost of $357.63 which was a fair and reasonable value for the house. The motion to amend was refused and the court gave judgment for defendant and denied a motion for a new trial. Plaintiff excepted to the sustaining of the demurrer to the first count, to the order granting the defendant a new trial, to the refusal to allow the amendment, and to the denial of his motion for a new trial.

The main question in the case is whether the demurrer should have been sustained as to the first count. It is well settled that in order to hold an indorser liable the complaint against him "should contain either an averment of the performance of the conditions fixing his liability, to wit, demand upon the maker and his nonpayment, and notice of dishonor to the indorser, or the excuse for the nonperformance of these conditions." *Hoffschlaeger v. Han Name*, 4 Haw. 419. This general rule, however, is stated with reference to indorsers in due course and not with reference to indorsers with notice after dishonor. Here was a sight draft drawn by the Kona Sugar Co., the drawer, on McChesney & Sons, the drawees, in favor of Olivera, the payee. The declaration alleges that it was presented for payment, but from the absence of any acceptance it is probable that it was dishonored by nonacceptance rather than by nonpayment. At all events it was dishonored paper and known to be such by all parties afterwards concerned. With full knowledge of those facts it came into the hands of defendant. He then could have brought an action against the drawer for the payment of the draft without making a second presentment to the drawees. By his indorsement of this dishonored paper

he transferred that right to the plaintiff who certainly was not required any more than defendant to make a second present-ment to the drawees before bringing an action against the drawer. At the time of defendant's indorsement everything possible had been done to fix the liability of all antecedent parties. Defendant could not have relied on the acceptance or payment of the draft by the drawees upon a second presentment as he knew they had already refused to accept or pay at all, and he could not by transferring the paper, then dishonored, impose on his transferee anything more than he was required to do, which did not include a second presentment to the drawees.

The only reason for requiring presentment and notice of dis-honor to an indorser, which is to enable him promptly to take measures to secure himself by proceedings against the persons liable, did not exist in this case, as he already had such an opportunity.

The rights of the parties having become fixed before the pas-sage of the Negotiable Instruments Act in 1907, must be deter-mined by common law. We have been unable to find any case, and none has been called to our attention, holding that after dishonor a second presentment to a drawee is necessary in order to hold liable one who indorsed thereafter with knowledge. It has been held, however, that it is unnecessary to make a second demand for payment on the maker of a promissory note indorsed with notice of dishonor and give notice of nonpayment to the indorsers, as the original demand and notice inures to the bene-fit of all subsequent holders. *French v. Jarvis,* 29 Conn. 347. All the more then should it be held that a second presentment to drawees is unnecessary. We are forced to conclude, there-fore, that the demurrer to the first count should have been over-ruled.

The defendant contends that the evidence in the case shows that the first count could not have been sustained, but we can-

Scott v. Maria, 19 Haw. 389.

not pass upon the effect of evidence admitted under different pleadings nor assume that the evidence would have been the same if the first count had remained.

Plaintiff's exception to the denial of his motion for a new trial on the second count was not relied upon and in any event it has no merit.

The exception to sustaining the demurrer to the first count is sustained.

Plaintiff in person.

*C. F. Peterson* for defendant.